```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JEFFREY THOMAS FARMER,       )
                             )
          Plaintiff,         )
                             )
     v.                      )   CIVIL NO. 1:04CV00691
                             )
STEVE BERRYMAN,              )
                             )
          Defendant.         )
```

MEMORANDUM OPINION

BULLOCK, District Judge

    Plaintiff, proceeding pro se and in forma pauperis, originally filed this action in July 2004 in the Eastern District of North Carolina against a Carrboro, North Carolina, police officer, apparently complaining about the Defendant's involvement in the Plaintiff's involuntary commitment to the University of North Carolina Hospital. Because Carrboro is located in the Middle District of North Carolina, a judge in the Eastern District transferred the case to this court. Following the order of transfer, Plaintiff filed a pro se appeal to the Fourth Circuit Court of Appeals, which was dismissed. Plaintiff's pro se petition for a writ of certiorari to the United States Supreme Court was denied.

    On August 27, 2004, Defendant filed a motion to dismiss in this court. In a letter dated August 30, 2004, the Clerk of this

court advised the Plaintiff of his right to respond, the requirements for any response, and the consequences of the failure to do so. On September 3, 2004, the court received a paper writing from the Plaintiff which was not in response to the Defendant's motion but consisted primarily of accusations against the court in this district and in the Eastern District. On September 23, 2004, the Plaintiff's document was stricken without prejudice. Plaintiff has made no further contact with the court.

Local Rule 7.3(k) provides that failure to respond to a motion will ordinarily result in the motion being decided as an uncontested motion and granted without further notice. Even so, the court has examined Plaintiff's complaint. While <u>pro se</u> parties are not held to strict compliance with Rule 8(a), Federal Rules of Civil Procedure, requiring pleadings to contain a short and plain statement of the claims showing that the pleader is entitled to relief, Plaintiff's complaint falls far short of showing any entitlement to relief. Assuming that Plaintiff is seeking to state a claim arising out of his involuntary commitment, it appears from Plaintiff's own complaint that the police officers, including the Defendant, had a reasonable belief that probable cause existed that Plaintiff was dangerous to himself or others based upon the Plaintiff's admitted behavior at the time. See <u>White v. Town of Chapel Hill</u>, 899 F. Supp. 1428,

2

1434-37 (M.D.N.C. 1995), aff'd, 70 F.3d 1264 (Table), 1995 WL 697727 (4th Cir. 1995).

Therefore, Defendant's motion to dismiss will be granted, and this action will be dismissed with prejudice.  Plaintiff's motions will be denied as moot.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

                                                /s/
                                    United States District Judge

May 19, 2005